McKinney, J.,
delivered the opinion of the Court.
This was an action on the case, for alleged false return of an execution.
The defendant demurred to the declaration, and on argument, the demurrer was sustained.
*161 The principal ground of the demurrer is, that, from the plaintiff’s own showing, he has not such legal interest as entitles him to maintain the action.
The case is a novel one. It is this: In September, 1856, a judgment was recovered in the Circuit Court, of Claiborne County, against one Bowman and others, for upwards of $300.00. At the time of the rendition of said judgment, Bowman was the owner of a certain tract of land, situate in said county of Claiborne, upon which the lien of the judgment attached. He was also the owner, as is alleged, of personal property, more than sufficient to satisfy the judgment.
On the second of Feb., 1857r an alias writ of fieri facias issued upon the judgment, and was placed in the hands of a deputy sheriff of said county — the defendant, Greer, then being high sheriff of the county. The plaintiff further alleges, that, while said tract of land was thus held bound by the lien of the judgment, and while the execution issued thereon, was in the hands of the sheriff, he, the plaintiff, purchased said land from Bowman, the judgment debtor, and paid him therefor, a valuable consideration ; and that nevertheless, the sheriff not regarding his duty, failed and neglected to levy the execution upon the personal property of Bowman, but wrongfully levied the same upon said tract of land, so purchased by the plaintiff, whereby the plaintiff was forced to pay the sum of $173.64, in order to discharge the land from the lien of said judgment and execution. It is further averred, that the sheriff made return upon said execution — that “ no personal property of the' defendant, Bowman, was to be found, to satisfy the same” — and there *162 fore, lie levied upon the land; and this is the “ false return” for which this suit is brought.
The other counts of the declaration need not be noticed, as the question upon which the case depends, is raised by the foregoing statement.
Assuming the facts alleged, to be true, can the plaintiff be heard to complain of the alleged “false return ?’’ We think not.
By the Act of 1777, ch. 8, sec. 5, it is declared, that for “every false return,” the sheriff shall be liable to a penalty of $125.00, and “be further liable to the action of the party grieved, for damages.”
We are of opinion, that, under this Statute, only the plaintiff in the execution, or some one having the beneficial interest therein, by transfer or assignment from him, either in fact, or by operation of law, can be regarded as “the party aggrieved by the false return of an execution, so as to be entitled to maintain an action for damages resulting therefrom.
It is very obvious that the plaintiff has no pretence for saying that he is “grieved” by the false return. The question as to the officer’s failure to exhaust the personal property, before proceeding to levy on the laud, is one exclusively between him and the judgment debtor, with which the present plaintiff has nothing to do.
The land, by the admission of the declaration, was encumbered by the judgment, previous to the plaintiff’s purchase, and ho took it, cum onera. He cannot, therefore, be heard to complain, that the prior lien was made effectual against the land in his hands, although, in con *163 sequence thereof, the benefit of his purchase may have been entirely lost to him. It was his own folly and wrong, to incur such a hazard, and he must abide the result..
Judgment affirmed.